**LAW OFFICES OF ILYA FISHKIN, P.C.**
Marcus A. Nussbaum, Esq. (MN 9581)
Ilya Fishkin, Esq. (IF 4948)
169 Commack Road, Ste. H371
Commack, New York 11725
Tel: 201-956-7071
Fax: 347-572-0439
marcus.nussbaum@gmail.com
*Attorneys for Plaintiffs and*
*the putative FLSA Collective*
*and Class*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABINA KARGAR and SERGIO PEREZ DIAZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> -against- <br><br> UMITJON KAMOLOV, FARIDA GABBASSOVA-RICCIARDELLI, FV COM CORPORATION d/b/a Farida, and UMKA PUFF PIES, FARIDA ONLINE KITCHEN a/k/a FARIDA AUTHENTIC DELICIOUS FOOD 24/7, Jointly and Severally, <br><br> Defendants. | <u>**CLASS & COLLECTIVE ACTION COMPLAINT**</u> <br><br> **Jury Trial Demanded** |

Plaintiffs SABINA KARGAR and SERGIO PEREZ DIAZ (together, the "Plaintiffs"), individually and on behalf of all others similarly situated, as collective and class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.     Plaintiffs are former servers, bartenders, runners/bussers and kitchen staff at Defendants' enterprise which includes a Central Asian/Uzbek brick and mortar restaurant and network of online kitchens located in Manhattan, New York. For their work, despite the fact that they typically worked in excess of forty (40) hours each week, Plaintiffs were paid a flat weekly salary that did not vary with the number of hours that they worked and were never paid any tips.

2.     Defendants' payment schemes resulted in systemic underpayment of wages to Plaintiffs and Defendants' other restaurant employees in violation of federal and state wage laws.

3.     Plaintiffs bring this action to recover unpaid minimum wages and overtime premium pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiffs also bring claims for unpaid spread-of-hours premiums, unlawfully withheld gratuities, and for failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

4.     Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees who worked for Defendants at any time during the three (3) years prior to the commencement of this action.

5.      Plaintiffs bring their NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all servers, bartenders, runners, bussers, kitchen staff and all other non-exempt restaurant employees who worked for Defendants in New York at any time during the six (6) years prior to the commencement of this action.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district and Defendants' businesses are located in this district.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

9.      Plaintiff Sabina Kargar ("Kargar") was, at all relevant times, an adult individual residing in Queens County, New York.

10.     Plaintiff Sergio Perez Diaz ("Diaz") was, at all relevant times, an adult individual residing in Queens County, New York.

11.     During the relevant time period, Plaintiffs performed work for Defendants at their Central Asian/Uzbek restaurant located in Manhattan, New York, known as "Farida" ("hereinafter "FARIDA"), located at 498 9th Avenue, New York, NY 10018.

12.    Upon information and belief, defendants also own and operate "FARIDA ONLINE KITCHEN a/k/a FARIDA AUTHENTIC DELICIOUS FOOD 24/7" (hereinafter "FOK") which is headquartered at the FARIDA restaurant located at 498 9th Avenue, New York, NY 10018 and which operates a network of approximately twenty-three (23) remote kitchens throughout the borough of Manhattan as shown on the map which may be found on the FOK website at https://www.farida.us/online-kitchen. A copy of the map is set forth below and it is alleged that FOK and its kitchens are part of the FARIDA Group Enterprise.



13.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and their consent forms are attached hereto.

**Defendants:**

14.     FV COM CORPORATION ("FV COM") is an active New York Corporation doing business as "Farida" with its principal place of business at 498 9th Avenue, New York, NY 10018.

15.     Upon information and belief, UMKA PUFF PIES ("UPP") is an unincorporated business entity and/or partnership and/or sole proprietorship doing business in the State of New York with its principal place of business at 498 9th Avenue, New York, NY 10018.

16.     Upon information and belief, FARIDA ONLINE KITCHEN a/k/a FARIDA AUTHENTIC DELICIOUS FOOD 24/7 is an unincorporated business entity and/or partnership and/or sole proprietorship doing business in the State of New York with its principal place of business at 498 9th Avenue, New York, NY 10018.

17.     FV COM, UPP, and FOK are hereinafter referred to collectively as the "FARIDA Group Enterprise" or the "Corporate Defendants."

18.     At all relevant times, the Corporate Defendants operated together as a single business enterprise, with the same employment policies, including wage-and-hour policies.

19.     Upon information and belief, Defendant UMITJON KAMOLOV ("Kamolov") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

20.     Upon information and belief, Defendant FARIDA GABBASSOVA-RICCIARDELLI ("Gabbassova") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein. Defendants Kamolov and Gabbassova are also referred to herein as the "Individual

5

Defendants".

21.     Upon information and belief, Defendants Kamolov and Gabbassova own, operate and manage a network of approximately twenty-three (23) remote kitchens throughout the borough of Manhattan as shown above.

22.     The Corporate Defendants' operations are interrelated and unified and are a single enterprise and/or joint employer of Plaintiffs. Defendants' website (https://www.farida.us/) links to the websites of UPP and FOK. Each restaurant's individual website features the Farida Restaurant logo, and the same phone number and contact information.

23.     At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

24.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiffs and the Corporate Defendants' other similarly situated employees, and are an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

25.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

26.     At all relevant times, Plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

27. Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00

28. At all relevant times, the Corporate Defendants have used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

## FLSA COLLECTIVE ACTION ALLEGATION

29. Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiffs bring their First and Second Causes of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since January 4, 2019 and through the entry of judgment in this case (the "Collective Action Period") who worked as servers, bartenders, bussers, runners, kitchen employees and other non-exempt restaurant employees (the "Collective Action Members").

30. A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay minimum wages for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week and in failing to pay any tips. As a result of this policy, Plaintiffs and the Collective Action Members did not receive the legally-required minimum wages for all hours worked or overtime premium payments for all hours worked in excess of forty (40) hours per week.

31. Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ACTION ALLEGATIONS

32.     Pursuant to the NYLL, Plaintiffs bring their Second through Eighth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendants in New York at any time since January 4, 2019 and through the entry of judgment in this case (the "Class Period") who worked as servers, bartenders, bussers, runners, kitchen employees and other non-exempt restaurant employees (the "Class Members").

33.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

34.     The Class Members are so numerous that joinder of all members is impracticable. Upon information and belief, there are at least forty (40) Class Members.

35.     The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

    a.  whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

    b.  whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

    c.  whether the Corporate Defendants in this Action operate together as a single integrated enterprise;

d.  whether Defendants failed and/or refused to pay Plaintiffs and the Class Members wages for all hours worked;

e.  whether Defendants failed and/or refused to pay Plaintiffs and the Class Members minimum wages for all hours worked;

f.  whether Defendants failed and/or refused to pay Plaintiffs and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

g.  whether Defendants failed to pay Plaintiffs and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts;

h.  whether Defendants failed to provide Plaintiffs and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

i.  whether Defendants failed to provide proper wage notices to Plaintiffs and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

j.  whether Defendants properly notified Plaintiffs and the Class Members that they were taking the tip credit;

k.  whether Defendants illegally retained gratuities left by customers and failed to pay all such gratuities to Plaintiffs and the Class Members;

l.  whether Defendants' failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

m.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and

9

disbursements and attorneys' fees.

36.     Plaintiffs' claims are typical of the Class Members' claims. Plaintiffs, like all Class Members, are restaurant employees of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, paid less than the statutory minimum wage for all hours worked, not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, were not paid spread-of-hours premiums when working a shift of ten (10) or more hours and/or a split shift, were not paid all gratuities to which they were entitled, were not reimbursed for the cost of bounced checks, and did not receive proper wage statements and wage notices. If Defendants are liable to Plaintiffs for the claims enumerated in this Complaint, they are also liable to all Class Members.

37.     Plaintiffs and their Counsel will fairly and adequately represent the Class. There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

38.     Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

39.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

40.     Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

41.     The individual members of the Class have no interest or capacity to bring separate actions and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

### Defendants' Restaurants

42.     At all relevant times, Defendants have been in the food service business.

43.     Upon information and belief, throughout the relevant time periods, the Individual Defendants have owned, operated, and managed the restaurants set forth in paragraphs 11-16.

44.     Defendants' businesses are operated and marketed by Defendants as a common enterprise. Each of the above businesses are advertised jointly on Defendants' website (http://www.farida.us).

45.     Employees were freely interchangeable, the various business operations were marketed as FARIDA Group restaurants, and all employees were paid by the same or substantially similar payroll methods.

46.     Upon information and belief, Defendants operate all of their restaurants through common management, ownership and financial control.

47.     The Individual Defendants are a frequent presence at Defendants' restaurants and kitchens and take an active role in ensuring that Defendants' restaurants and kitchens are run in accordance with Defendants' procedures and policies.

### Plaintiffs' Work for Defendants

48.     Plaintiff Sabina Kargar worked for Defendants as a waitress, bartender, food runner, cleaning person, kitchen staff member. Plaintiff's duties additionally included reheating food, packing deliveries, accepting orders, preparing Hookahs and was in charge of talking all online and phone orders. Plaintiff worked for defendants at Farida's main location from approximately July of 2020 to April of 2021.

49.     From approximately July of 2020 to April of 2021, when Plaintiff Kargar worked at Farida, she typically worked six (6) days per week, with mostly Tuesdays off, from approximately 11:00 am to 11:30 pm on Mondays, Wednesdays, and Thursdays; and on Fridays, Saturdays and Sundays from 11:00 am to 12:30 am, for a total of approximately seventy-eight (78) hours per week.

50.     For her work at Farida, Plaintiff Kargar received a flat weekly rate of one hundred and twenty dollars ($120.00) per day worked, with zero tips. During the time that she worked at Farida, Plaintiff received her wages entirely by Zelle cash transfer with no paystub or breakdown of the hours that she worked or her regular or overtime rates. Plaintiff's wages were paid untimely on a regular basis and in most instances, not until plaintiff asked for it.

51.     Plaintiff Kargar alleges that she observed Kamolov and Gabbassova take and keep all cash left by customers as tips and additionally, that no credit card tips were ever dispersed to her or any of the class members.

52.     Plaintiff Kargar alleges that she was frequently unable to take a break of any kind when she worked at Farida. If she was able to take a break at Farida when the restaurant was practically empty, it would last for a maximum of fifteen to twenty (15-20) minutes.

53.     Plaintiff Sergio Perez Diaz worked for Defendants as a dishwasher, busboy, waiter and kitchen staff member. Plaintiff's duties additionally included reheating food, packing deliveries, accepting orders, preparing Hookahs and was in charge of talking all online and phone orders. Plaintiff worked for defendants at Farida's main location from approximately October of 2020 to April of 2021.

54.     From approximately October of 2020 to April of 2021, when Plaintiff Diaz worked at Farida, he typically worked six (6) days per week, with mostly Tuesdays off, from approximately 11:00 am to 11:30 pm on Mondays, Wednesdays, and Thursdays; and on Fridays,

Saturdays and Sundays from 11:00 am to 12:30 am, for a total of approximately seventy-eight (78) hours per week.

55.     For his work at Farida, Plaintiff Diaz received an initial flat weekly rate of four hundred dollars ($400.00) in cash, with zero tips. Plaintiff Diaz eventually received a weekly rate of five hundred dollars ($500.00), with zero tips, followed by an eventual raise to a weekly rate of six hundred dollars ($600.00), with zero tips. During the time that he worked at Farida, Plaintiff's weekly payments of $500.00 or $600.00 were made by Zelle cash transfer with no paystub or breakdown of the hours that he worked or his regular or overtime rates. Plaintiff's wages were paid untimely on a regular basis and in most instances, not until plaintiff asked for it.

56.     Plaintiff Diaz alleges that she observed Kamolov and Gabbassova take and keep all cash left by customers as tips and additionally, that no credit card tips were ever dispersed to him or any of the class members.

57.     Plaintiff Diaz alleges that he was frequently unable to take a break of any kind when he worked at Farida. If he was able to take a break at Farida when the restaurant was practically empty, it would last for a maximum of fifteen to twenty (15-20) minutes.

58.     Defendants are well aware of their legal obligations under the FLSA and NYLL and knowingly and intentionally the law by failing to pay Plaintiffs and the Collective and Class Action Members minimum wages for all hours worked, overtime premiums and spread-of-hours premiums and failing to provide proper wage notices and wages statements as required by the NYLL.

## Defendants' Unlawful Corporate Policies

59.     Plaintiffs and the Collective and Class Action Members were paid by the same corporate policies of Defendants, including failing to pay minimum wages for all hours worked, overtime premiums and spread-of-hours premiums and failing to provide proper wage statements

and wage notices.

60.     Defendants did not notify Plaintiffs or the Class Members whether they were relying upon the tip credit in calculating their hourly rate in accordance with the requirements of the NYLL.

61.     Because Defendants routinely violated the requirements for taking the tip credit (i.e., did not provide notice, and the owners pocketed all of the tips) Defendants were not entitled to pay Plaintiffs or Collective Action Members the New York "tipped" minimum wage and instead were obligated to pay Plaintiffs and the Collective Action Members the full statutory minimum wage.

62.     Defendants did not provide Plaintiffs or the Collective and Class Action Members with proper wage notices at the time of hire or by February 1 of each year.

63.     Defendants failed to provide accurate wage statements to Plaintiffs and the Collective and Class Action Members which reflected, among other information, all hours worked, including overtime hours, the regular and overtime pay rate(s) during the pay period.

64.     Despite the fact that Plaintiffs typically worked over forty (40) hours each week, Defendants did not pay them overtime premiums of one and one-half (1.5) their hourly rate.

65.     Despite the fact that Plaintiffs regularly worked in excess of ten (10) hours per day, Defendants failed to pay Plaintiffs and the Collective and Class Action Members an extra hour of minimum wage for such days.

66.      Defendants unlawfully withheld all of the gratuities to which Plaintiffs and the Collective and Class Members were entitled during their employment with Defendants.

67.     Upon information and belief, throughout the Class Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
### (Brought on Behalf of Plaintiffs and the Collective Action Members)

68.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

70.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon.

72.     By failing to notify Plaintiffs and the Collective Action Members that they were relying on the tip credit in calculating employees' hourly rates, Defendants lose the ability to utilize a tip credit against the FLSA's minimum wage. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
### (Brought on Behalf of Plaintiffs and the Collective Action Members)

73.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

15

74.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

75.     Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiffs and the Class Members)**

76.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

77.     Defendants willfully violated Plaintiffs' and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

78.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Class Members)**

79.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

80.     Defendants willfully violated Plaintiffs and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

81.     Defendants' failure to pay overtime premium compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS**
**(Brought on Behalf of Plaintiffs and the Class Members)**

82.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83.     Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

84.    Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE**
**(Brought on Behalf of Plaintiffs and the Class Members)**

85.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

86.    Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiffs' and the Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

87.    Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided

for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post- judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS
### (Brought on Behalf of Plaintiffs and the Class Members)

88.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

89.     Defendants have willfully failed to supply Plaintiffs and the Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

90.     Due to Defendants' violations of the NYLL, Plaintiffs and Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## EIGHTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNLAWFUL WITHHOLDING OF GRATUITIES
### (Brought on Behalf of Plaintiffs and the Class Members)

91.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

92.     Defendants have willfully failed to compensate Plaintiffs and the Class Members for all gratuities earned by withholding all of the tips left by the customers for the Plaintiffs and Class Members, in violation of § 196-d of the New York Labor Law. Accordingly, Defendants are required to compensate Plaintiffs and the Class Members for all gratuities withheld by Defendants.

93.     Due to the Defendants' New York Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid gratuities, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et al.*, 196-d.

## NINTH CAUSE OF ACTION AGAINST THE
## DEFENDANTS - HOSTILE WORK ENVIRONMENT (GENDER)

94.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

95.     The New York City Human Rights Law ("NYCHRL") prohibits, in relevant part, "an employer or an employee or agent thereof, because of the actual or perceived..., gender,..., of any person... to discriminate against such person in compensation or in terms, conditions or privileges of employment." N.Y.C. Admin. Code § 8-107(1)(a).

96.     Plaintiff Kargar was an employee of defendants within the meaning of the New York City Human Rights Law and was covered by the law.

20

97.     From the start of her employment at Farida, plaintiff Kargar was subjected to hostility and discrimination by defendant Kamolov based on her sex (female). This mistreatment included the following:

98.     On numerous occasions between July of 2020 and April of 2021, Kamolov made sexist comments about women in general and about plaintiff Kargar personally. For example, and without limiting this allegation, during this time period Kamolov would comment on plaintiff's physique, loudly stating in front of customers and staff that she is a "hot bitch" and has a "tight body".

99.     On more than one occasion during the course of plaintiff Kargar's employment, Kamolov would approach plaintiff from behind, place his arms underneath hers and grab her breasts.

100.    As alleged above, the defendants violated the Human Rights Law by subjecting the plaintiff to an actionable hostile work environment based on gender (sex): the plaintiff was treated less well than other employees because of her gender, and a reasonable victim of discrimination would not consider the offensive and discriminatory conduct to be merely petty slights and trivial inconveniences.

101.    The defendants acted with malice and/or knowing and/or reckless indifference to the plaintiffs statutory rights.

102.    Defendant Kamolov is liable for this hostile work environment because he perpetrated and/or aided and abetted the offensive and discriminatory conduct.

103.    As a result of the defendants' unlawful conduct, Plaintiff Kargar has suffered economic and non-economic damages, including lost pay and mental and emotional pain and suffering, for which she is entitled to an award of compensatory damages, back pay, attorney's fees and costs, and other legal and equitable relief. She also is entitled to an award of punitive damages

to punish the defendants for their unlawful conduct and to deter them from engaging in similar unlawful conduct in the future.

## AS AND FOR A TENTH CAUSE OF ACTION AGAINST THE DEFENDANTS: SEXUAL HARASSMENT

104.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

105.     The aforementioned conduct of the defendants created an offensive, intimidating and hostile work environment for Plaintiff Kargar and made daily work difficult for her.

106.     Since Kamolov knew of the harassment Plaintiff was subjected to but refused to take corrective or remedial action, the conduct was a term and condition of the Plaintiff's employment with Farida.

107.     In view of the foregoing, Farida discriminated against the Plaintiff in regard to the terms, conditions, and privileges of her employment.

108.     Workers' Compensation remedies are not applicable to the Plaintiff.

109.     As a result of the defendants' unlawful conduct, Plaintiff Kargar has suffered economic and non-economic damages, including lost pay and mental and emotional pain and suffering, for which she is entitled to an award of compensatory damages, back pay, attorney's fees and costs, and other legal and equitable relief. She also is entitled to an award of punitive damages to punish the defendants for their unlawful conduct and to deter them from engaging in similar unlawful conduct in the future.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST THE DEFENDANTS: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

110.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

111.    Defendant Kamolov intended, by harassing Plaintiff, to cause her to suffer severe mental and emotional distress.

112.    Because of Kamolov's harassment of the Plaintiff, Plaintiff suffered severe mental and emotional distress.

113.    As a result of the defendants' unlawful conduct, Plaintiff Kargar has suffered economic and non-economic damages, including lost pay and mental and emotional pain and suffering, for which she is entitled to an award of compensatory damages, back pay, attorney's fees and costs, and other legal and equitable relief. She also is entitled to an award of punitive damages to punish the defendants for their unlawful conduct and to deter them from engaging in similar unlawful conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c.      An order tolling the statute of limitations;

d.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.      An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.      An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.      An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten (10) hours;

i.      An award of compensatory and liquidated damages as a result of Defendants' willful failure to pay all gratuities earned by Plaintiffs and the Opt-In Plaintiffs;

j.      An award of fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(1) pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-b);

k.      An award of two hundred fifty dollars ($250) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

l.      An award of damages arising out of the non-payment of gratuities;

m.      An award of liquidated damages arising out of the non-payment of gratuities;

n.      An award of damages arising out of compensatory damages sustained by Plaintiff Kargar as a result of Defendant's hostile work environment and sexual harassment

including, but not limited to, pain and suffering, damages for emotional distress, embarrassment and humiliation suffered by Plaintiff;

o.     An award of prejudgment and post-judgment interest;

p.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

q.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a

trial by jury on all questions of fact raised by the complaint.

Dated:     Brooklyn, New York
           January 25, 2022

Respectfully submitted,

**LAW OFFICES OF ILYA FISHKIN, P.C.**

/s/  Marcus Aurelius Nussbaum
By:  Marcus A. Nussbaum, Esq. (MN 9581)
Ilya Fishkin, Esq. (IF 4948)
169 Commack Road, Ste. H371
Commack, New York 11725
Tel: 201-956-7071
Fax: 347-572-0439
marcus.nussbaum@gmail.com
*Attorneys for Plaintiffs and the*
*putative FLSA Collective and Class*

## CONSENT TO BE A PLAINTIFF AND SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and other statutes to secure, inter alia, unpaid minimum wages and overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Farida and any other associated parties. I authorize LAW OFFICES OF ILYA FISHKIN, P.C., Marcus A. Nussbaum, Esq., Ilya Fishkin, Esq., and any associated attorneys as well as any successors or assigns, to represent me with my claims either individually or by joining my claims with others similarly situated. I authorize my attorneys to name me as a representative plaintiff in this legal action, to make decisions on behalf of other plaintiffs who may be concerned about the outcome of this litigation, and the method and manner in which this litigation should be conducted, as well as the decision to reach an agreement to settle this action and everything that concerns the professional fees and costs of this action, as well as any other decisions related to this litigation. By signing this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of attorneys' fees. I understand that if Plaintiffs are successful, costs and attorney fees will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendants. I understand that the fees retained by the attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Sabina Kargar
Printed Name

Signature

## CONSENT TO BE A PLAINTIFF AND SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and other statutes to secure, inter alia, unpaid minimum wages and overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Farida and any other associated parties. I authorize LAW OFFICES OF ILYA FISHKIN, P.C., Marcus A. Nussbaum, Esq., Ilya Fishkin, Esq., and any associated attorneys as well as any successors or assigns, to represent me with my claims either individually or by joining my claims with others similarly situated. I authorize my attorneys to name me as a representative plaintiff in this legal action, to make decisions on behalf of other plaintiffs who may be concerned about the outcome of this litigation, and the method and manner in which this litigation should be conducted, as well as the decision to reach an agreement to settle this action and everything that concerns the professional fees and costs of this action, as well as any other decisions related to this litigation. By signing this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of attorneys' fees. I understand that if Plaintiffs are successful, costs and attorney fees will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendants. I understand that the fees retained by the attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

_Sergio Matias Pérez Díaz_
Printed Name

_Sergio_
Signature