UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                             :

SABINA KARGAR and SERGIO PEREZ DIAZ,  :
*individually and on behalf of all others similarly situated*,  :        22-CV-0664 (JMF)
                                             :

                      Plaintiffs,  :        ORDER REGARDING
                                        :        EARLY SETTLEMENT
         -v-                    :        CONFERENCE AND THE
                                        :        INITIAL PRETRIAL
UMITJON KAMOLOV, et al.            :        <u>CONFERENCE</u>
                                        :

                      Defendants.  :
                                        :
------------------------------------------------------------------------X
JESSE M. FURMAN, United States District Judge:

       This case, involving claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, has been assigned to this Court for all purposes.  In the Court's experience, cases involving FLSA claims often benefit from an early settlement conference.  To that end, by separate Order to be entered today, **the Court is referring this case to the assigned Magistrate Judge for settlement purposes**.  Unless and until the Court orders otherwise, **no later than one week after an answer is filed**, the parties shall contact the Chambers of the assigned Magistrate Judge to schedule a settlement conference to take place *at least two weeks before* the initial pretrial conference scheduled below.  Further, to facilitate those settlement discussions, the parties shall, **no later than three weeks after an answer is filed**, exchange limited discovery in aid of settlement; the parties shall confer with respect to the scope of such limited discovery, and promptly raise any disputes with the assigned Magistrate Judge in accordance with his or her Individual Rules and Practices.[1]

       If the parties believe that an early settlement conference would not be appropriate in this case (for example, because they believe that settlement discussions should be deferred until after collective-action or class-action motion practice), they shall file a letter motion seeking relief from the foregoing requirements no later than the deadline to answer.  Additionally, if the parties believe that additional time is needed for the settlement process contemplated by this Order (for example, because of a delay in service on, or the appearance of, a defendant or because the assigned Magistrate Judge is unavailable to hold a settlement conference before the initial pretrial conference scheduled below), the parties may file a letter motion (with this Court, not the assigned Magistrate

---

[1] This initial discovery typically includes, but is not necessarily limited to, the following: documents describing Plaintiffs' duties and responsibilities; records of wages and hours worked (*i.e.*, payroll records, time sheets, work schedules, wage statements and wage notices); a spreadsheet of alleged underpayments and other damages (from Plaintiffs); any documents describing compensation policies or practices (from Defendants); and, if Defendants intend to assert an inability to pay, documents showing proof of financial condition (such as tax or other business records).

Judge) seeking an appropriate extension of the deadlines herein or a reasonable adjournment of the initial pretrial conference.

The parties are reminded that, in most cases, settlements of claims under the FLSA must be filed publicly and scrutinized by the Court to ensure that they are fair. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) (Furman, J.) (discussing factors to be considered in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award and addressing whether a FLSA settlement agreement can remain confidential). In light of that, the parties are likely to have two options in the event that they reach a settlement. First, they could submit the settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See* 900 F. Supp. 2d at 335-36. (Any such letter should also address, if applicable, any incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel, with documentation to support the latter, if appropriate.) Second, the parties may consent to proceed for all purposes before the assigned Magistrate Judge (the appropriate form for which is available at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge), in which case the assigned Magistrate Judge would decide whether to approve the settlement. If the parties reach a settlement with the assistance of the assigned Magistrate Judge, the latter option may be the more efficient.

Separate and apart from the foregoing, it is hereby ORDERED that counsel for all parties appear for an initial pretrial conference with the Court on **May 12, 2022**, at **4:00 p.m.** in **Courtroom 1105** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York. All counsel are required to register promptly as filing users on ECF and to familiarize themselves with the SDNY ECF Rules & Instructions, which are available at http://nysd.uscourts.gov/ecf_filing.php. **All counsel must also familiarize themselves with the Court's Individual Rules, which are available at http://nysd.uscourts.gov/judge/Furman**. Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

Counsel are directed to confer with each other prior to the initial pretrial conference regarding each of the subjects to be considered at a Federal Rule of Civil Procedure 16 conference (as well as the subject discussed in Paragraph (5) below). Additionally, in accordance with Paragraph 2.B of the Court's Individual Rules and Practices, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **Thursday of the week prior to the initial pretrial conference**. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at http://nysd.uscourts.gov/judge/Furman. Any open legal issues can be addressed at the conference.

The joint letter shall not exceed five (5) pages, and shall provide the following information in separate paragraphs:

(1)     A brief statement of the nature of the action and the principal defenses thereto;

(2)     A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to

Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000).

(3)     A statement of all existing deadlines, due dates, and/or cut-off dates;

(4)     A brief description of any outstanding motions;

(5)     A brief statement of whether Plaintiffs intend to move for preliminary certification of a collective action and, if so, a proposed briefing schedule for such a motion. If Plaintiffs do intend to move for preliminary certification, counsel shall confer in advance of the initial pretrial conference with respect to whether Defendants would be willing to consent to preliminary certification, mindful of the fact that the standard for preliminary certification is relatively low and that, after discovery (when the standard is higher), Defendants may move for decertification. *See, e.g.*, *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *10 (S.D.N.Y. Oct. 23, 2008); *see also, e.g.*, *Ack v. Manhattan Beer Distribs., Inc.*, No. 11 Civ. 5582 (CBA), 2012 WL 1710985, at *6 (E.D.N.Y. May 15, 2012) ("[W]hether the plaintiff or any putative plaintiffs are exempt or otherwise excluded from the FLSA is not a proper inquiry for the court at the collective action certification stage. Such factual determinations should be addressed at the second stage of the certification process after the completion of discovery." (alterations and internal quotation marks omitted)).

(6)     A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(7)     A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(8)     A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(9)     Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

In accordance with the Court's Individual Rules and Practices, requests for an extension or

adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference.  The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court.  Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

   **Counsel who have entered a notice of appearance as of the issuance of this order are directed (1) to notify counsel for all other parties in this action who have not yet appeared by serving upon each of them a copy of this order and the Court's Individual Rules and Practices forthwith, and (2) to file proof of such notice with the Court.**  If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Rules and Practices to that party personally.

   SO ORDERED.

Dated: January 27, 2022
      New York, New York

_____
            JESSE M. FURMAN
      United States District Judge

4