# LAW OFFICES OF ILYA FISHKIN, P.C.

Attorney & Counselor-at-Law
* Admitted in NY and NJ

3059 Brighton 7th Street, Fl. 1
Brooklyn, NY 11235
Tel.: (201) 956-7071
Fax : (888) 432-1822
Email: ifishkin@fishkinfirm.com

April 28, 2022

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/28/2022

**Via ECF**
Magistrate Judge Barbara C. Moses
United States District Court
Southern District of New York
500 Pearl St., Courtroom: 9A
New York, NY 10007-1312

# MEMO ENDORSED

**Re:**   *Sabina Kargar et al. v. Umitjon Kamolov et al.*
Docket No: 1:22-cv-00664

Dear Honorable Magistrate Judge Moses:

As the Court is aware, we represent Plaintiffs Sabina Kargar and Sergio Perez Diaz (collectively, "Plaintiffs") in the above-referenced matter. We are cognizant of Your Honor's seven day advance notice requirement for adjournment of settlement conferences, as set forth in the Court's Order of March 18, 2022 (ECF 25) and have planned to appear at the Settlement Conference in this matter currently scheduled for May 2, 2022.

Nevertheless, we write to inform the Court of what Plaintiffs respectfully state is a need for an adjournment that has *recently* arisen. Prior to the filing of this letter, the undersigned counsel, and counsel for defendants (Mr. Jacob Aronauer) did speak with Chambers this morning, and defendants will be opposing the instant request for the adjournment of the Settlement Conference.

In early April, the parties did attempt to confer regarding settlement related discovery and Plaintiffs' intent to seek certification of a collective and/or class action, as well as the discovery related thereto. However, due to a number of scheduling conflicts involving travel (by both counsel) the undersigned was able to appear at the office of defendants' counsel on April 26, 2022 for a physical inspection and photocopying of what defendants purport to be their *original* employment records, including work schedules and payment records, all of which were handwritten. Plaintiffs believe that the records were not created contemporaneously with Plaintiffs' employment, and have been contrived for this litigation and request the opportunity to test their authenticity. For example, while Plaintiffs allege that defendants withheld all payments of tips and gratuities, defendants have produced a handwritten record of said tips and gratuities allegedly having been distributed. Defendants have not produced any computer printout from a cash register or credit card merchant processor, nor have they produced a description of their tip distribution system for distributing tips within the various groups of tipped employees (such as waiters, bussers and bartenders).

As the Court may be aware, defendants have additionally, in the last few days denied that there are sufficient employees to justify a class action, specifically stating that the defendants' twenty-three (23) remote/virtual kitchens (listed on defendants' website) do not, in fact, exist. Accordingly, Plaintiffs respectfully request the opportunity to investigate the existence (or nonexistence) of these kitchens.

Re:     Sabina Kargar et al. v. Umitjon Kamolov et al.
        Docket No: 1:22-cv-00664
        April 28, 2022
        Page 2 of 2

        Further, and in the absence of classwide discovery prior to the Settlement Conference, Plaintiffs are simply left to speculate as to what amount in tips and gratuities have been withheld by the defendants, and as the Court is aware, the amount of withheld tips is not accounted for in Plaintiffs' damages calculation.

        Inasmuch as there is an Initial Pretrial Conference scheduled in this matter before Judge Furman on May 12, 2022 (wherein Plaintiffs intend to seek a briefing schedule for conditional class certification) (Joint Letter, ECF 28), Plaintiffs respectfully request that the Settlement Conference be adjourned to a date subsequent to the Initial Pretrial Conference.

        In closing, it is not Plaintiffs' intent to inconvenience the Court on short notice, but Plaintiffs have been compelled to bring these issues to the Court's attention as soon as the need for the adjournment materialized.

        We thank the Court for its attention to this matter.

                                                Respectfully submitted


                                                /s/  Marcus Aurelius Nussbaum
                                                Marcus A. Nussbaum, Esq.



cc:     **Via ECF**
        All Counsel of record.



Plaintiffs' application to adjourn the May 2 settlement conference is DENIED. The conference will proceed as scheduled in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. The parties are reminded that lead counsel and all individual parties must attend. Defendants shall bring the originals of the attachments to their pre-conference letter, along with the originals of any other wage-and-hour documents upon which they intend to rely with regard to the individual plaintiffs' damages. SO ORDERED.

Barbara Moses
United States Magistrate Judge
April 28, 2022