UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**SABINA KARGAR, SERGIO PEREZ DIAZ**, and
**SHAINA FOSTER,**
in their individual capacities
and on behalf of others similarly situated,

        Plaintiffs,

v.

**UMITJON KAMOLOV,**
**FARIDA GABBASSOVA-RICCIARDELLI,**
**FV COM CORPORATION**, d/b/a Farida,
**UMKA PUFF PIES,** and
**FARIDA ONLINE KITCHEN** a/k/a Farida Authentic
   Delicious Food 24/7, and
Jointly and Severally

        Defendants.

Case No. 1:22-cv-00664-JMF

---

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE
NOTICE OF MOTION
TO PROCEED COLLECTIVELY**

Come now the Plaintiffs, by and through their attorney, Penn Dodson, and submit their Reply to Defendant's Opposition to Plaintiff's Motion for Collective Certification.

**I.    PLAINTIFFS HAVE ADEQUATELY DEFINED THE PARAMETERS OF THE GROUP OF INDIVIDUALS TO WHOM JUDICIAL NOTICE SHOULD ISSUE.**

Defendants complain that "Plaintiffs' declaration fails to clearly define similarly situated individuals" but entirely fail to heed the 26+ page Complaints in this matter in which the other workers are referenced, or the Plaintiffs' other declaration that was submitted. In addition, the Court is empowered to recognize that after the original complaint was filed a third plaintiff whose employment did not overlap with that of the original two plaintiffs', represented by different counsel, has joined alleging substantially similar claims. Further, the restaurant enterprise at issue

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

is, relative to many putative classes, relatively small, involving likely dozens, not hundreds or thousands, of other employees, involving at most two physical restaurant locations and affiliated entities.

In this jurisdiction, Plaintiffs need not identify other similarly situated individuals who may want to join the action. See e.g. *Iriarte v. Redwood Deli & Catering, Inc.*, No. 07–CV–5062, 2008 WL 2622929, at *3 (E.D.N.Y. June 30, 2008) ("[A]lthough plaintiff has not identified any other employees who seek to opt in, this is not fatal in light of defendant's failure to keep proper records, the allegations plaintiff makes in his affidavit about observing fellow employees working overtime without proper compensation, and the minimal burden required for certification as a collective action."); *Pefanis v. Westway Diner, Inc.*, No. 08–CV–002, 2008 WL 4546526, at *1 (S.D.N.Y. Oct. 8, 2008) ("The fact that no such employee has yet joined this action does not make notice inappropriate.").

## II.  EQUITABLE TOLLING

But for the parties' several attempts to try to resolve this case prior to this point (including two mediation sessions so far and a third coming up) as well as Defendants' insistence on motion practice over stipulating to conditional certification, judicial notice likely would have gone out already, and other employees would have opted in soon thereafter. Plaintiffs have not unduly delayed this motion and in fact, the motion was filed very shortly after the Court permitted Plaintiff Foster (and her counsel) to join the case in a *de facto* consolidation of what otherwise would have been two separate but very similar actions.

Equitable tolling is routinely granted, on the occasions when it is not stipulated to voluntarily. See *Flood v. Carlson Rests. Inc.*, 2015 WL 260436, at *6 (S.D.N.Y. Jan. 20, 2015) (granting equitable tolling for opt-in plaintiffs "in light of Plaintiffs' diligence in pursuing the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Kargar, et al v. Kamolov, et al*
Case No. 1:22-cv-00664-JMF

Motion for Coll Cert Reply
Page 2

FLSA claims on behalf of putative opt-ins"); *Viriri v. White Plains Hosp. Med. Ctr.*, 320 F.R.D. 344, 346-47, 354-57, 2017 WL 2473252, at *1, *8-9 (S.D.N.Y. June 8, 2017); *Varghese v. JP Morgan Chase & Co.*, 2016 WL 4718413, at *10-11 (S.D.N.Y. Sept. 9, 2016); *Tubiak v. Nielsen Co. (U.S.), LLC*, 2016 WL 796861, at *4 (S.D.N.Y. Feb. 25, 2016); *Reyes v. N.Y. F&B Serv. LLC*, 2016 WL 796859, at *5 (S.D.N.Y. Feb. 22, 2016).

Plaintiffs contend that the deadline should be tolled as of the date of the filing of the Complaint, for the reasons herein and previously argued. In the alternative, it could be tolled as of the date of the filing of the instant Motion (i.e. November 17, 2022).

### III. NOTICE CONTENTS

#### A. THE NOTICE SHOULD GO TO ANYONE EMPLOYED IN LAST 6 YEARS TO AVOID CONFUSION

Defendants appear to have inadvertently mis-cited some case law in their opposition to Plaintiff's argument pertaining to whether the notice should go out to employees employed in the last three or six years. In their letter response Defendants state as follows:

> Plaintiffs request that the Court order Defendants to provide notice to individuals who worked for Defendants for the past six years. This request should be denied by the Court. *Emeterio v. A&P Rest. Corp.*, 2021 U.S. Dist. LEXIS 5750 at *4-5(Jan. 12, 2021)(Judge Furman limiting the notice to three years); see also *Saleem v. Corporate Transp. Grp.*, Ltd., 2013 U.S. Dist. LEXIS 190017 at *76(Jun. 17, 2013)(Judge Furman holding that "[t]hree years is the appropriate time period at this conditional certification stage].

The *Emerito* cite is an opinion by Magistrate Judge Katharine Parker in relation to the approval of a class and collective settlement, and does not discuss the contents of collective action notices other than to note that one had gone out previously in the case. In the *Saleem* case (1:12-cv-8450-JMF), the Order from 6/17/2013 at Dkt. 67 (which does not contain 76+ pages) says in relevant part "Plaintiffs seek to distribute notice to all individuals who drove for Defendants at any time within the last three years. … The Court hereby grants conditional certification of the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Kargar, et al v. Kamolov, et al*
Case No. 1:22-cv-00664-JMF

Motion for Coll Cert Reply
Page 3

collective and authorizes the distribution of notice as described below. Three years is the appropriate time at this conditional certification stage. See *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010)." In turn, the *Shajan* case does not address the three- versus six-year argument; the Court there had just granted the plaintiffs' request to distribute notice to individuals who had worked at the restaurant at issue there within the previous three years.

By contrast, the cases previously cited by Plaintiffs herein do discuss the three versus six year question.

As previously mentioned, there is a divide as to whether a three year or six year time period is more appropriate in a hybrid NYLL/FLSA case. However, Courts in this district routinely allow notice to be distributed to the members of the six-year period to avoid confusion. *Anjum v. J.C. Penney Co.*, 13 CV 460 (RJD) (RER), at *20 (E.D.N.Y. Jun. 5, 2015), *Cohan v. Columbia Sussex Mgmt., LLC*, No. 12-CV-3203 (JS) (AKT), 2013 WL 8367807, at *9 (E.D.N.Y. Sept. 19, 2013).

The important thing to keep in mind is that, as previously argued, the purpose of the notice is for education and an opportunity to participate in order to vindicate rights. Just because somebody reads a notice and submits their form does not necessarily mean they meet the criteria to be eligible to receive proceeds under any eventual settlement or judgment. However, on balance, it is better to cast the net too widely and then throw some of the caught fish back, than to not cast it widely enough. As many court decisions have recognized, using the six-year timeframe is likely to lessen confusion among the recipients.

On balance, for judicial economy and plaintiff confusion voidance purposes, it makes more sense to go ahead and issue the notice to all the individuals who may be at issue in this case.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Kargar, et al v. Kamolov, et al*
Case No. 1:22-cv-00664-JMF

Motion for Coll Cert Reply
Page 4

### IV.   THE PROPOSED JUDICIAL NOTICE IS PROPER

Defendants have raised several objections to the proposed notice in their briefing. For the following reasons, each of their objections should be denied. Upon learning of Defendants' expressed desire to meet and confer about the notice (Dkt. 60 p. 4), Plaintiff's counsel reached out as to the articulated points. However, defense counsel responded summarily "I think it makes sense to see how Judge Furman rules before dealing with the potential notice." Thus, these issues appear ripe for Court intervention.

#### A.   "FIRST, AS NOTED EARLIER, THE NOTICE PERIOD IS SIX YEARS."

Addressed above.

#### B.   "SECOND, IT MAKES ALLEGATIONS NOT COVERED UNDER THE FAIR LABOR STANDARDS ACT (TIPS, SPREAD OF HOURS AND WAGE NOTICES)."

Plaintiffs acknowledge that spread of hours and wage notice claims are functions of the NYLL but not the FLSA. (Tip claims can overlap both.) For those individuals who do opt in, their claims under both sets of laws will be adjudicated, pursuant to the Court's supplemental jurisdiction and the allegations asserted in the case as a whole. In other words, they opt in to the case, not just to the FLSA claims. Thus, it is proper to let them know what all the case is about.

One could word the notice to read something to delineate that the Plaintiffs have alleged minimum wage, tip-related, and overtime claims under federal law and additional wage claims under state law… but doing so a) is not necessary b) gets "into the weeds" more than is helpful for the average recipient to find it useful and c) could potentially add to confusion. Thus, on balance it makes more sense to let sleeping dogs lie on this front.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Kargar, et al v. Kamolov, et al*
Case No. 1:22-cv-00664-JMF

Motion for Coll Cert Reply
Page 5

### C. "SECOND [*sic*], IT FAILS TO LIST DEFENDANTS' DEFENSES."

Defendants have not cited to any examples of courts requiring or approving itemized defenses being included in notices of this sort. Already included in the proposed notice is a statement that "The Court has not decided whether Plaintiffs or Defendants are correct regarding any person who has been sent this Notice…" Dkt. 56-2 at p. 2.

### D. "THIRD, IT FAILS TO LIST DEFENDANTS' ATTORNEYS' CONTACT INFORMATION. DEFENSE COUNSEL'S CONTACT INFORMATION SHOULD NOT BE INCLUDED."

Plaintiffs strongly object to the inclusion of Defendants' attorneys' contact information. Including it would have the strong potential to mislead recipients. While some decisions have allowed for defense counsel's contact information, the majority have not. Especially within the past decade, more and more judges have realized that it is not *just not necessary*, but actually inappropriate, for defense counsel's contact information to be provided. After all, defense counsel would not be the ones representing the recipients.

Noting that "there is a split among district courts as to whether the inclusion of defense counsel's contact information is appropriate" (citing cases from around the country) and that "Courts declining to order the inclusion of defense counsel's contact information generally cite ethical concerns about post-certification communication between defense counsel and class members," a district judge in *Garcia v. TWC Admin., LLC* found "inclusion of defense counsel's contact information [to be] unwarranted." Case No. 14-CV-985-DAE (W.D. Tex. Apr 16, 2015). See also *Harris v. Vector Mktg. Corp.*, 716 F.Supp.2d 835, 847 (N.D.Cal.2010) ("Including contact information for defense counsel in the class notice risks violation of ethical rules and inadvertent inquiries, thus engendering needless confusion."). Some courts phrase their reasoning even more vociferously, such as one Court stating that "there is no basis in law or logic" for including defense counsel's name and contact information in the notice. *Gambo v. Lucent Techs.*,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Kargar, et al v. Kamolov, et al*
Case No. 1:22-cv-00664-JMF

Motion for Coll Cert Reply
Page 6

*Inc.*, 2005 WL 3542485, at *7 (N.D.Ill.Dec. 22, 2005). Plaintiffs here contend that putative plaintiffs should not be encouraged to contact attorneys who not only could not represent them in this action but are actively representing parties in conflict with the putative plaintiffs' interests.

Defendants herein do not set forth arguments as to why they believe it would be appropriate to include the recipients' attorneys' contact information. Providing contact information for only the attorneys who could ultimately represent their interests is neither misleading nor improper. Therefore, Defendants' request on this front should be denied.

### E. "FOURTH, IT FAILS TO INFORM PLAINTIFFS THAT THEY CAN RETAIN THEIR OWN ATTORNEY."

This actually isn't entirely true. The proposed notice contains the following language: "The existing Plaintiffs and any others who may join this action will be represented by two firms, AndersonDodson, P.C. and Law Offices of Ilya Fishkin P.C. ***unless you specify that you want someone else to represent you and make arrangements accordingly***." Dkt. 56-2, p. 4 § 9. Also in the proposed consent form it states, "I also hereby designate named Plaintiffs' counsel to represent me for all purposes of this action ***unless I otherwise indicate on the record***." Dkt. 56-3 p. 2. These statements are sufficient for these purposes.

### F. "FIFTH, IT FAILS TO STATE THAT THEY MAY BE SUBJECT TO A DEPOSITION, PAPER DISCOVERY DEMANDS AND A POTENTIAL COUNTER LAWSUIT."

Defendants' uncited and unsupported contention that there should be language suggesting that if a worker opts in, they might be sued in response is wholly contrary to the spirit of the notice. Even the word choices Defendants have made in their argument here belie and intent to dissuade workers from joining (e.g. stating that they may be "subject to" a deposition, paper "discovery demands" are intimidating, legalese words). This inclusion also fails to disclose the reality of the situation which is that opt-ins are not always deposed, that paper discovery is generally done on a

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Kargar, et al v. Kamolov, et al*
Case No. 1:22-cv-00664-JMF

Motion for Coll Cert Reply
Page 7

group rather than individual basis, and that often times plaintiffs' counsel can assert limits to the extent to which discovery is conducted.

## V.     CONCLUSION

For the foregoing reasons, Plaintiffs reiterate their request that the Court grant Plaintiffs' motion to proceed collectively, require Defendants to produce contact information for the putative class members, and allow for appropriate distribution methods for judicially approved notice. Plaintiffs also ask that the statute of limitations be tolled as of the date of the filing of the Complaint in this action, or in the alternative, as of some other reasonable date set in this Court's discretion.

Respectfully submitted, the **9th** day of **December, 2022.**

ANDERSONDODSON, P.C.

*/s/ Penn Dodson*

**Penn Dodson (PD2244)**
*penn@andersondodson.com*
Attorney for Plaintiffs
212.961.7639

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Kargar, et al v. Kamolov, et al*
Case No. 1:22-cv-00664-JMF

Motion for Coll Cert Reply
Page 8