UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
SABINA KARGAR, SERGIO PEREZ DIAZ, and :
SHAINA FOSTER, *in their individual capacities and on* :
*behalf of others similarly situated*, : 22-CV-664 (JMF)
:
Plaintiffs, : MEMORANDUM OPINION
: AND ORDER
-v- :
:
UMITJON KAMOLOV et al., :
:
Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    Plaintiffs in this case, familiarity with which is presumed, bring claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, against FV Com Corporation, which does business as "Farida"; Farida Online Kitchen, which does business as "Farida Authentic Delicious Food 24/7"; and others (together, "Defendants"). On November 17, 2022, Plaintiffs moved for conditional certification of a FLSA collective action and for approval of notice. *See* ECF No. 56; *see also* ECF No. 61 (refiled). The motion is now fully submitted.

    Upon review of the parties' submissions, Plaintiffs' motion for conditional certification is GRANTED. In particular, between the First and Second Amended Complaints and two declarations, *see* ECF Nos. 59, 64-65, 73, Plaintiffs have carried their "low" burden at this stage of making a "modest factual showing" that they and "potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks omitted); *see also, e.g.*, *Amador v. Morgan Stanley & Co.*, No. 11-CV-4326 (RJS), 2013 WL 494020, at *2 (S.D.N.Y. Feb. 7, 2013) (noting that a

plaintiff may rely "on [his] own pleadings, affidavits, [and] declarations" to support a motion for collective action certification (quoting *Hallissey v. Am. Online, Inc.*, No. 99-CV-3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008)).  To the extent Defendants argue otherwise, they ignore the First Amended Complaint (not to mention the since-filed Second Amended Complaint) and one of the two declarations.  *See* ECF No. 60 ("Defs.' Opp'n"), at 1 (referring only to one of the two declarations).

Further, Plaintiffs' proposed collective action notice and "consent to join" form, *see* ECF No. 63-1 and -2, are APPROVED, subject to the following rulings:

- Plaintiffs' categorical request for equitable tolling of the statute of limitation, *see* ECF No. 69 ("Pls.' Reply"), at 2-3, is denied — without prejudice to an application from any opt-in plaintiff based on an individualized showing that tolling is warranted.  *See, e.g.*, *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (holding that, where "equitable tolling may extend the statute of limitations for certain prospective plaintiffs . . . it is appropriate for notice to be sent to the larger class of prospective members, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date"); *accord Emeterio v. A & P Rest. Corp.*, No. 20-CV-970 (JMF), 2021 WL 101186, at *1 (S.D.N.Y. Jan. 12, 2021).

- The notice shall note that Defendants dispute Plaintiffs' claims, but need not (as Defendants request) detail Defendants' defenses.  Defendants' requests to include defense counsels' contact information and a statement that opt-in plaintiffs may be subject to discovery or a potential counter lawsuit are denied.

- As preliminary certification relates solely to the FLSA, Plaintiffs' request for notice to be sent to all non-exempt employees employed by Defendants for the six-year period prior to the filing of the Complaint is denied.  *See Emeterio*, 2021 WL 101186, at *2.  Instead, notice shall be sent — **accompanied by a Spanish translation** — to all current and former non-exempt employees employed by Defendants for the *three* year period prior to the filing of the Complaint (collectively, the "Covered Employees").  *See, e.g.*, *id.*; *see also, e.g.*, *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) ("Notice would normally be provided to those employed within three years of the date of the notice. However, because equitable tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." (internal quotation marks and citation omitted)).

- Defendants shall post notices — in English **and Spanish** — in a conspicuous non-public location at their places of business. *See, e.g.*, *Sanchez v. Salsa Con Fuego, Inc.*, No. 16-CV-473 (RJS) (BCM), 2016 WL 4533574, at *7 (S.D.N.Y. Aug. 24, 2016) ("[C]ourts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." (internal quotation marks omitted)).

- **Within fourteen days of this Memorandum Opinion and Order**, Defendants shall produce in Excel format the information listed on page ten of Plaintiffs' memorandum of law, *see* ECF No. 63 ("Pls.' Mem."), at 10, for all Covered Employees. Defendants shall not, in the first instance, produce Social Security numbers of Covered Employees. If a notice is returned as undeliverable, Defendants shall provide the Social Security number of that individual to Plaintiffs' counsel. Any Social Security numbers so produced will be maintained by Plaintiffs' counsel alone and used for the sole purpose of performing a skip-trace to identify a new mailing address for notices returned as undeliverable. All copies of Social Security numbers, including any electronic file or other document containing the numbers, will be destroyed once the skip-trace analysis is completed. **Within fourteen days following the close of the opt-in period**, Plaintiffs' counsel will certify in writing to the Court that the terms of this Order have been adhered to and that the destruction of the data is complete. These procedures are sufficient to safeguard the privacy information of potential plaintiffs. *See, e.g.*, *Shajan v. Barolo, Ltd.*, No. 10-CV-1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010).

- Plaintiffs' proposed methods of dissemination, *see* Pls.' Mem. 12, are (subject to above) approved, except that Plaintiffs' request for the notices and consent forms "to be included along with all current employees' paychecks" is denied. Plaintiffs shall disseminate the notices **no later than fourteen days from receipt of the information concerning Covered Employees from Defendants.**

- **Within two weeks of this Memorandum Opinion and Order**, the parties shall file a joint letter advising the Court of any need to adjust pending deadlines in light of this Memorandum Opinion and Order and submitting any proposed modifications.

The Clerk of Court is directed to terminate ECF No. 61.

SO ORDERED.

Dated: December 21, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge

3