```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

SABINA KARGAR, et al.,

        Plaintiffs,

-against-

UMITJON KAMOLOV, et al.,

        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/26/2023
```

22-CV-664 (JMF) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed during today's discovery conference, it is hereby ORDERED that:

1. **Fed. R. Civ. P. Responses and Document Production**.

    No later than **July 5, 2023**:

    a. <u>Fed. R. Civ. P. 34 Responses</u>. All parties shall serve updated responses and objections, which state, for each item or category requested: (i) whether any responsive documents have been withheld and, if so, on what grounds, *see* Fed. R. Civ. P. 34(b)(2)(B); or (ii) whether all non-privileged responsive documents identifiable through a reasonably diligent search have been produced. If no responsive documents have been produced because no responsive documents exist, the responding party shall so state.

    b. <u>Redactions</u>. Absent agreement of the parties or an order of the Court, redactions for relevance are not permitted. *See*, *e.g.*, *Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, 2022 WL 621957, at *2 (S.D.N.Y. Mar. 3, 2022). Consequently, all documents previously produced in redacted form for reasons other than privilege (for example, to conceal the names of other employees) shall be re-produced without such redactions.

    c. <u>Other Employment</u>. Plaintiffs shall produce all paychecks, paystubs, W-2 forms, and 1099 forms reflecting wages or other compensation received for any other work (whether on or off the books) during the period they were employed by defendants. If no such wages or other compensation was received, they shall so state.

    d. <u>Texts and WhatsApp Messages</u>. Defendants' counsel shall conduct or supervise a thorough search of defendants' electronic devices and messaging accounts and produce all nonprivileged text messages, WhatsApp messages, or similar electronic communications (i) with any of the plaintiffs, or (ii) with one another, or any other person, about any of the plaintiffs, from 2018 through 2022.

  e. <u>Point of Sale (POS) Data</u>. Defendants have produced summary data from their POS system, in pdf form, concerning plaintiffs. (*See* Dkt. 99-7.) Plaintiffs believe that more detailed information is captured by the POS system. Defendant shall review their POS system and, if reasonably practicable, extract and produce (in an Excel or .csv file if possible) all underlying detail captured by the system concerning any of the plaintiffs.

  f. <u>Corporate Documents</u>. Defendants shall produce all articles of incorporation, amendments thereto, and shareholder certificates or lists for each corporate defendant.

  g. <u>Leases</u>. Defendants shall produce all leases for their restaurant premises (both locations) from 2018 through 2022.

2. **Status Update**. If any party cannot comply with the requirements of ¶ 1 by the stated deadline, that party shall provide all other parties with an explanation and a status update, including an estimated date of compliance.

3. **Depositions**.

  a. <u>Rule 30(b)(6)</u>. No later than **June 30, 2023**, plaintiffs shall serve their notice of deposition for the corporate defendant(s) pursuant to Fed. R. Civ. P. 30(b)(6).

  b. <u>Deposition Scheduling</u>. No later than **July 5, 2023**, the parties shall schedule the depositions of plaintiffs (for the week of July 10, 2023) and defendants (for the week of July 17, 2023). The parties report that they do not contemplate non-party depositions. The parties may agree amongst themselves on a different order or sequence of depositions, if the agreement is unanimous.

  c. <u>Remote Depositions</u>. In accordance with Fed. R. Civ. P. 30(b)(4), the Court authorizes (but does not require) the parties to conduct any or all depositions in this action via telephone, videoconference, or other remote means, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4). This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

4. **Close of Fact Discovery**. The close of fact discovery remains **July 29, 2023**.

5. **Other Relief Denied**. All discovery relief not granted herein is DENIED.

6. **Jurisdiction**. Defendants have waived any challenge to plaintiff's FLSA claims based on the FLSA's $500,000 revenue threshold.

7. **Status Conference**. Judge Moses will conduct a status conference on **August 14, 2023, at 10:00 a.m.** No later than **August 8, 2023**, the parties shall submit a joint status letter outlining the progress of discovery to date, as well as any settlement efforts. If no discovery controversies exist at that time, the parties may request that the conference be held telephonically.

The Clerk of Court is respectfully directed to close the motions at Dkts. 99, 140, and 144.

Dated: New York, New York
        June 26, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**