# LAW OFFICES OF ILYA FISHKIN, P.C.

Attorney & Counselor-at-Law * Admitted in NY and NJ

3059 Brighton 7th Street, Fl. 1
Brooklyn, NY 11235
Tel.: (201) 956-7071
Fax : (888) 432-1822
Email: ifishkin@fishkinfirm.com

November 8, 2023

**Via ECF**

Magistrate Judge Barbara C. Moses
United States District Court
Southern District of New York
500 Pearl St., Courtroom: 20A
New York, NY 10007-1312

**Re:** *Sabina Kargar et al. v. Umitjon Kamolov et al.*
Docket No: 1:22-cv-00664

Dear Honorable Magistrate Judge Moses:

    As the Court is aware, I represent Plaintiffs Sabina Kargar and Sergio Perez Diaz (collectively, "Plaintiffs") in the above-referenced matter. Per the Court's instructions on 11/2/23 (ECF 175), enclosed are true and accurate copies of the undersigned's Retainer Agreement with Plaintiffs, as well as the time and cost logs. I attest that these records are kept in the ordinary course of business at my firm and that the only changes made from the original data have been in terms of correcting minor errors, formatting, and running spreadsheet functions to calculate the subtotals for ease of viewing.

    We thank the Court for its continued courtesy and consideration in this matter.

Respectfully submitted,

/s/  Marcus Aurelius Nussbaum
Marcus A. Nussbaum, Esq.

cc:  **Via ECF**
    All Counsel of record.

**Marcus A. Nussbaum, Esq.**
**Ilya Fishkin, Esq.**
**ATTORNEY RETAINER AGREEMENT**

This confirms that you, Sabina Kargar and Sergio Perez Diaz, the undersigned client(s) (hereafter "Client"), have retained Marcus A. Nussbaum, Esq. and Ilya Fishkin, Esq. (hereafter "Counsel") as attorneys-at-law to represent you in all claims for violations of State or Federal Labor Laws and any other related laws against Farida Restaurant (located at 498 9th Ave, New York, New York 10018) and related entities and/or individuals (hereafter "Defendant").

It is understood and agreed upon, by and between Client and Counsel, as follows:

1. Counsel has agreed to accept this engagement. If this claim is governed by the law of any state other than New York, our acceptance is subject to approval by local counsel. While it is a rarity that local counsel will not approve, we will notify you of our local counsel's approval or disapproval as soon as possible.

2. You authorize Counsel to bring an action as a class action against Defendant, and you agree to a representative Plaintiff in such a class action.

3. You will be reasonably available to confer with us, provide us with copies of all documents and information and disclose all facts and circumstances that we reasonably need to know to properly represent you in this matter. This includes informing Counsel of any deadline set forth to you by a state or government administration agency, such as the EEOC or DFEH. Unless we specifically request otherwise, you agree to retain originals of any and all documents that you send to Counsel.

4. You will promptly return telephone calls and correspondence from our office, comply in filling out required forms, and assist us in meeting deadlines and locating witnesses, documents and evidence.

5. You should not email anything from a company account, nor text using a company cell phone, nor send instant messages or otherwise communicate with us using an employer owned device, but instead use a personal email account on a personal device, or text using a personal cell phone.

6. You should never discuss the status of settlement negotiations with anyone, including anyone connected with Defendant, or your case may be prejudiced. This is because if the defendant wishes to settle your case the defendant will typically insist on confidentiality; and, if settlement information is made public the defendant may be less willing (or unwilling) to settle.

7. No fee shall be charged for the attorney(s) if there is no recovery.

8. Our firm will advance all costs and expenses of the litigation on behalf of you and the class and you will not be responsible for these moneys regardless of the outcome of this case. If we are successful we will be reimbursed out of the settlement/award from the class, as approved by the Court.

9. At the conclusion of the case, the attorneys for plaintiffs will apply to the Court for an award of fees based upon, among other things, the time expended, the difficulty of the litigation and the results achieved. The Court has sole discretion as to the attorneys' fees our firm will receive. Our firm reserves the right to seek attorneys' fees equal to one third of any common fund -calculated before the deduction of costs- recovered on behalf of the class. If Counsel is awarded attorneys' fees calculated by the Court in a manner other than as a percentage of the common fund, Counsel shall be entitled to any and all attorneys' fees awarded by the Court. These attorneys' fees will also be used to pay, if necessary, the fee of any other counsel, and/or a fee to the firm that referred you to us. Fees will be shared equally between Marcus A. Nussbaum and Ilya Fishkin (50% each).

10. If the action is not certified as a class action, and/or if Counsel continues to represent Client on an individual basis, in consideration for Counsel's representation in connection with this matter, Counsel will receive the greater of (a) one third (1/3) of the proceeds (calculated before the deduction of costs), whether through settlement, final judgment or arbitrator's award in this matter, or (b) the full amount of any awarded attorneys' fees specified by the court, arbitrator or parties, or (c) under unusual circumstances and only with the client's and Counsel's consent, Counsel's full lodestar amount (current hourly rate times hours spent). For these purposes, "proceeds" means the gross pre-tax recovery (including any award of attorneys' fees and the value of any benefits received). The fee set forth in this Agreement is not set by law, but is negotiable between Counsel and Client.

11. Client hereby authorizes Counsel to take whatever investigative and procedural steps necessary to prosecute this matter, including: hiring investigators, paralegals, experts or any other personnel on client(s)' behalf.

12. Client hereby authorizes Counsel to associate any other attorney in representing Client, with the consent of Client, without additional costs to Client.

13. This matter shall not be settled without the consent of Client.

14. Counsel has not and cannot guarantee that we will be able to obtain any particular result or success in this matter.

15. Counsel shall not be required to file or respond to any appeal in this matter, nor to provide any services of collection, or otherwise, after settlement or judgment has been reached.

16. The Counsel fee stated here in is not set by law, but has been negotiated between Counsel and Client.

17. Whenever a verdict, judgment, award or settlement is obtained in this matter, the undersigned client(s) hereby gives power of attorney to Counsel to sign the client(s) name to any and all releases, dismissals, forms, checks, drafts, and other papers and to deposit the proceeds into Counsel's trust account, and to distribute the funds in accordance with this Attorney Retainer Agreement.

18. We will be readily available to represent your best interests, keep you informed about your case and answer any questions you have about the way your case is being handled. If the Client disputes any portion of Counsel's fee you may have the right to Fee Arbitration pursuant to Part 137 of 22 N.Y.C.R.R. Forms will be provided upon request.

19. If, without the consent of Counsel, you settle this matter or retain another attorney, this agreement shall nevertheless remain binding to the full extent of the law. We will seek attorneys' fees and will apply an hourly rate of Four Hundred and Fifty Dollars ($450.00) per hour, if based on quantum meruit, or will seek a proportionate share of the legal fees if legally permitted to do so. We will also seek all out-of-pocket costs incurred by Counsel in connection with our representation of you until the time of the substitution of new counsel.

20. If, at any time during the investigation and preparation of this case, Counsel decides there is insufficient merit in proceeding fm1her, Counsel may withdraw, with permission of a court, when necessary, without any further obligation whatsoever by the Client or Counsel.

21. You may terminate this Agreement at any time. If you terminate this Agreement prior to a resolution of this matter or if we withdraw for good cause, and you acquire a recovery by other means or representation, you understand we will have a right to request legal fees and reimbursement for any expenses.

I have read all of the above, and understand and agree to all of it.

I hereby acknowledge receipt of a copy of this Attorney Retainer Agreement.

Accepted by:

_____   11/29
Sabina Kargar                Date

_____   11/29
Sergio Perez Diaz            Date

_____   11/29/21
Ilya Fishkin, Esq.           Date
Marcus A. Nussbaum, Esq.

3

Time Records and Billing Karagar et al. v. Kamolov et al.

| Date | Description | Time (Hours) | Fee |
|---|---|---|---|
| 11/29/2021 | Intake With Clients | 2.0 | $1,000.00 |
| 1/4/2022 | Research Regarding Defendants | 4.5 | $2,250.00 |
| 1/24/2022 | Prepare and File Summons and Complaint | 4.5 | $2,250.00 |
| 3/16/2022 | Review Answer to Complaint | 0.5 | $250.00 |
| 4/26/2022 | Meet Counsel for Dfdts and Copy Original Records | 8.0 | $4,000.00 |
| 4/27/2022 | Letter to MJ Moses re: Settlement Conference | 2.0 | $1,000.00 |
| 4/27/2022 | Confer with Counsel re: Case Mgmt Order | 0.5 | $250.00 |
| 4/27/2022 | Letter to Judge Furman re: Initial CMC | 2.0 | $1,000.00 |
| 4/28/2022 | Review Dfdts Photocopied Records | 4.0 | $2,000.00 |
| 4/28/2022 | Letter to MJ Moses re: request adjournment | 1.0 | $500.00 |
| 4/28/2022 | Letter to MJ Moses re: Supplement | 0.5 | $250.00 |
| 5/2/2022 | Settlement Conference | 8.0 | $4,000.00 |
| 5/9/2022 | Initial CMC | 0.5 | $250.00 |
| 5/26/2022 | Prepare Damages Calculation | 3.0 | $1,500.00 |
| 5/26/2022 | Prepare Rule 26 Disclosure | 0.8 | $400.00 |
| 7/11/2022 | Mediation | 5.5 | $2,750.00 |
| 8/12/2022 | Draft Letter to Judge Furman re: Request Revise CMO | 0.5 | $250.00 |
| 8/19/2022 | Respond to Dfdts Discovery Demands | 7.0 | $3,500.00 |
| 8/23/2022 | Prepare and Serve Discovery Demands | 7.0 | $3,500.00 |
| 10/18/2022 | Draft Motion to Compel | 1.5 | $750.00 |
| 10/27/2022 | Review Dfdts Discovery Responses and Draft Deficiency Letter | 5.0 | $2,500.00 |
| 11/7/2022 | Discoery Conference | 0.5 | $250.00 |
| 11/17/2022 | Prepare Sabina Decl. for Motion to Certify Class | 2.0 | $1,000.00 |
| 12/14/2022 | Mediation | 3.0 | $1,500.00 |
| 2/22/2023 | EBT of Arzu Kargar | 8.0 | $4,000.00 |
| 4/3/2023 | Letter to MJ Moses re: Adjournment | 0.5 | $250.00 |
| 4/6/2023 | Sabina Decl. Default Judgment | 3.5 | $1,750.00 |
| 4/6/2023 | Nussbaum Decl. Default Judgment | 4.5 | $2,250.00 |
| 4/21/2023 | Subpoena to AT&T | 0.5 | $250.00 |
| 5/5/2023 | Default Judgment Hearing | 0.5 | $250.00 |
| 6/26/2023 | Discovery Conference | 8.0 | $4,000.00 |
| 7/24/2023 | EBT of Sergio | 9.0 | $4,500.00 |
| 7/25/2023 | EBT of Sabina | 9.0 | $4,500.00 |
| 7/27/2023 | Letter to Judge Furman re: Depositions | 0.4 | $200.00 |
| 8/10/2023 | Settlement Conference | 6.0 | $3,000.00 |
| | **TOTAL** | **123.7** | **$61,850.00** |

Costs and Expenses Kargar et al. v. Kamolov et al.

| Description | Cost |
|---|---:|
| Filing Fee | 402 |
| Process Server | 500 |
| Lexitas Court Reporter Farida EBT | 1100 |
| Translator Farida EBT | 700 |
|  |  |
| **TOTAL** | 2702 |