USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/9/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SABINA KARGAR, et al.,

                Plaintiffs,

    -against-

UMITJON KAMALOV, et al.,

                Defendants.

22-CV-664 (JMF) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

Plaintiffs Sabina Kargar, Sergio Diaz Perez, and Shaina Foster (collectively, Plaintiffs) have settled their claims against defendants FV Com Corporation, Farida Group Corp. and Farida Gabbassova-Ricciardelli (collectively, the Settling Defendants), including claims brought pursuant to the Fair Labor Standards Act (FLSA). In a joint letter-motion dated October 30, 2023 (Joint Ltr.) (Dkt. 171), Plaintiffs and the Settling Defendants (collectively, the Settling Parties) request that the Court approve their fully-executed Settlement Agreement (Ag.) (Dkt. 171-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).[1] The Settling Parties have consented to the disposition of their *Cheeks* motion by the undersigned Magistrate Judge. (Dkts. 172, 173.) For the reasons that follow, the motion will be granted.

## Background

Plaintiffs worked as servers, bartenders, runners/bussers and kitchen staff at the Settling Defendants' restaurant, known as Farida. *See* Second Amended Complaint (SAC) (Dkt. 73) ¶¶ 3, 15-16. Plaintiffs primarily allege that that they worked more than 40 hours per week but were not paid time-and-a-half for their overtime hours, and that their tips were withheld or improperly

---

[1] The plaintiffs have not settled their claims against defendant Umitjon Kamolov. On May 5, 2023, the Hon. Jesse M. Furman, United States District Judge, granted Plaintiff's motion for a default judgment against Kamolov as to liability, reserving decision on damages (Dkt. 132), and on October 31, 2023, Judge Furman referred the matter to me for a damages inquest. (Dkt. 174.)

calculated, in violation of the FLSA and comparable provisions of the New York Labor Law (NYLL). *Id*. ¶¶ 3, 52-72. They also complain that defendants violated the NYLL by failing to pay their wages timely, failing to pay "spread of hours" wages, and failing to furnish proper wage notices and wage statements. *Id*. Additionally, plaintiff Kargar alleges that she was sexually harassed by defaulted defendant Kamolov. *Id*. ¶¶ 110-27. Plaintiffs Kargar and Diaz are represented by attorney Marcus A. Nussbaum of the Law Offices of Ilya Fishkin.  Plaintiff Foster is represented by attorney Penn A. Dodson of AndersonDodson, P.C.

The Settlement Agreement requires the Settling Defendants to pay a total of $70,000 to Plaintiffs and their attorneys to settle all of Plaintiffs' claims against them. Ag. ¶ I.A; Joint Ltr. at 2. Defendants will pay the first $25,000 within 30 days of this Order, followed by $2,000 every 30 days, until the full settlement consideration has been paid. Ag. ¶ II; Joint Ltr. at 2. Of that sum, $14,000 will go to each Plaintiff; another $14,000 will go to the Law Offices of Ilya Fishkin as a fee award; and the final $14,000 will go to AndersonDodson, P.C., for its fee award. Ag. ¶ I.A.1-5.[2] The installment payment schedule will be secured by a confession of judgment signed by Farida Gabbassova-Ricciardelli, on behalf of all three Settling Defendants, in the amount of $105,000 (150% of the full settlement consideration), plus collection costs, less amounts actually paid towards the settlement. Ag. ¶ II.B; *see also id*. at 16-17 (form of Confession of Judgment).[3]

---

[2] The Court presumes – although the Settlement Agreement does not spell this out – that each installment payment will be allocated among the three plaintiffs and two law firms in proportion to the overall allocation agreement. There is some risk of default over the life of the installment payment schedule. It would not be fair for the plaintiffs to bear a disproportionate share of that risk.

[3] The Court further presumes – although, again, the Settlement Agreement does not spell this out – that any recovery pursuant to the Confession of Judgment will be allocated among the three plaintiffs and the two law firms in proportion to the overall allocation agreement.

2

The material terms of the settlement were arrived at after arm's-length bargaining between the parties' counsel, and after all parties and counsel participated in an in-person settlement conference before me on September 21, 2023. On October 30, 2023, the Settling Parties submitted their joint letter-motion, attaching the Settlement Agreement. Thereafter, at the Court's request, Plaintiffs submitted copies of the materials necessary to support the requested fee awards to their attorneys, namely, the attorneys' timesheets and their fee agreements. (Dkts. 176, 177.)

## Analysis

The Court finds that the financial terms of the Agreement are fair and reasonable. Although the total settlement consideration is less than the amount that Plaintiffs would seek at trial – which is "in excess of six figures," Joint Ltr. at 1 – the parties sharply dispute the actual hours that Plaintiffs worked, as well as the manner in which the Settling Defendants allocated the tip pool. Moreover, the Settling Defendants presented substantial documentary evidence, during the settlement negotiations, of their limited financial resources. The settlement thus allows all parties to avoid the risks, burdens, and expenses of proceeding with the litigation, including the risk that Plaintiffs would recover less than hoped, as a result of the contested factual issues, and the risk that they would recover little or nothing, even if successful at trial, due to the Settling Defendants' precarious financial condition. *See* Joint Ltr. at 2. Under these circumstances, the Court is satisfied that the settlement represents "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

The non-economic terms of the settlement are also fair. Plaintiffs Foster and Diaz will release the Settling Defendants from any wage and hour claims, known or unknown. Sett. Ag. ¶ V. Plaintiff Kargar, who pleaded harassment claims as well as wage and hour claims, will exchange

mutual general releases with the Settling Defendants. *Id*. ¶ VI. The Settling Defendants will, if asked, provide "neutral references" for Plaintiffs, disclosing only dates of employment and positions held. *Id*. ¶ III. There is no rehiring prohibition, confidentiality clause, or non-disparagement provision. *See* Joint Ltr. at 2-3.

The Court's obligation to scrutinize FLSA settlements for fairness "extends to the reasonableness of attorneys' fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020). The Court of Appeals has made it clear, however, that "the reasonableness of the fees does not turn on any explicit percentage cap." *Id*. (vacating order reducing fee award to 33% of total settlement amount). Instead, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Id*. at 606-07 (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)) (internal quotation marks omitted).  The court should also take into account the effort that counsel put into litigating the case.  *Id*. at 607.

In this case, the Court finds that the proposed fee awards are fair. During the settlement negotiations, the three plaintiffs and their two lawyers agreed to divide the settlement consideration evenly, five ways. Because attorney Nussbaum represents two Plaintiffs (Kargar and Diaz), he will – in effect – receive one-third of their settlement payment ($14,000 out of $42,000, leaving them with $14,000 apiece). Because attorney Dodson represents only one Plaintiff (Foster), she will – in effect – receive one-half of her client's settlement payment ($14,000 out of $28,000, leaving Foster with $14,000). I therefore consider each fee award separately.

Dodson's fee agreement with Foster states that, in the event of a settlement, counsel's fee will be the greater of (a) 35% of the total amount recovered on the client's behalf, (b) the "amount computed from our billable rates . . . and the actual time the Firm spends on your behalf," or (c) $3,000. (Dkt. 176-2, at 2.) The firm's stated billable rates range from $450-475 per hour for

partners to $65 per hour for Administrative Assistants. (*Id*. at 3.) According to the firm's billing records for this case, Ms. Dodson and other legal professionals from her firm spent a total of 195.7 hours working on this case, for a lodestar of $51,544 (at the firm's stated rates). (Dkt. 176-4.) Only a small portion of the work reflected in those billing records relates to the default proceedings against Kamolov. I therefore conclude that the $14,000 award to attorney Dodson is within the range contemplated by her fee agreement with Foster – whether computed on a percentage basis or an hourly basis – and not inherently unfair.

Nussbaum's fee agreement with Kargar and Diaz states that, in the event of a favorable settlement or judgment (on a non-class basis), counsel's fee will be the greater of (a) "one third (1/3) of the proceeds," (b) "the full amount of any awarded attorneys' fees specified by the court," or (c) "under unusual circumstances and only with the client's and Counsel's consent, Counsel's full lodestar amount (current hourly rate times hours spent)." (Dkt. 177 at ECF p. 3.) Mr. Nussbaum's billing records reflect that he spent 123.7 hours working on this case, for a lodestar of $61,850 (at his state billable rate of $500 per hour). (*Id*. at ECF p. 5.) Of that time, 7.5 hours were spent working on the default proceedings against Kamolov. I therefore conclude that the $14,000 award to Mr. Nussbaum is consistent with the one-third formula set forth in his fee agreement with Kargar and Diaz and, in light of the time spent on the case, not inherently unfair.[4]

## Conclusion

Having carefully reviewed the financial and non-financial terms of the Agreement, I find that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the parties'

---

[4] Because I do not rely on the lodestar calculations to conclude that the fee awards are fair, I am not required to determine whether Plaintiffs' attorneys' stated hourly rates are "reasonable," that is, whether they are in accord with "rates prevailing in the community 'for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 21 (S.D.N.Y. 2015) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984)).

joint letter-motion is **GRANTED** and the proposed settlement is **APPROVED**. It is hereby

**ORDERED** that Plaintiffs' claims against defendants FV Com Corporation, Farida Group Corp.

and Farida Gabbassova-Ricciardelli are **DISMISSED** with prejudice and without costs. The Clerk

of Court is respectfully directed to close the motions at Dkts. 171, 176, and 177. However, since

this Order does not dispose of the claims against defendant Umitjon Kamolov, the case will remain

open.

Dated: New York, New York
       November 9, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**