UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
                              :

SABINA KARGAR et al.,                  :

             :

               Plaintiffs,       :           22-CV-664 (JMF)

             :

       -v-                    :       <u>ORDER ADOPTING</u>

             :       <u>REPORT AND</u>

UMITJOHN KAMOLOV et al.,       :       <u>RECOMMENDATION</u>

             :

             Defendants.     :

             :
------------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

This case was referred to Magistrate Judge Barbara C. Moses for an inquest to ascertain damages as to Defendant Umijon Kamolov.  *See* ECF No. 174.  In a Report and Recommendation filed on December 16, 2025, Magistrate Judge Moses recommended that Plaintiff Shania Foster be awarded damages against Kamolov in the aggregate amount of $49,525 on her claims for unpaid minimum and overtime wages, unpaid spread of hours pay, and unlawfully withheld tips, all under the NYLL; and that Plaintiff Sabina Kargar be awarded damages against Kamolov in the aggregate amount of $78,300 on her claims for unpaid overtime wages, unpaid spread of hours pay, and unlawfully withheld tips under the NYLL, as well as her claims for sexual harassment under the NYCHRL.  *See* ECF No. 187, at 2.  Magistrate Judge Moses concluded, however, that Plaintiff Diaz never provided any admissible evidence to support his request for damages and consequently recommended that he not be awarded damages in any amount.  *Id.*  Finally, Magistrate Judge Moses recommended that attorneys' fees should be awarded against Kamolov in the amount of $11,611.88.  *See id.*

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections and warned that failure to timely file objections would result in waiver of any right to object. *See* Docket No. 187, at 49.  In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made.  Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law.  Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to enter judgment against Kamolov consistent with the

Report and Recommendation and to close the case.

SO ORDERED.

Dated: January 20, 2026
        New York, New York

_____
JESSE M. FURMAN
United States District Judge

3